### YARSLOWITZ v. BIENENSTOCK.

(Supreme Court, Appellate Division, Second Department. November 18, 1910.)

PLEADING (§§ 192, 367*)—MOTIONS—MOTION TO MAKE MORE DEFINITE AND CERTAIN.

In an action for personal injuries, plaintiff's complaint, in substance, alleged that defendant's foreman hired him and put him to work on a certain building, and that through certain acts of negligence on the part of the defendant he was injured, but failed to state the physical cause of the injury, or its nature. *Held*, that a motion to make more definite and certain was proper, and not a demurrer, as the complaint stated a cause of action.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 408, 409, 1173–1193; Dec. Dig. §§ 192, 367.*]

Appeal from Special Term, Kings County.

Action by Charles Yarslowitz against Moris Bienenstock. From an interlocutory judgment overruling a demurrer to the complaint, defendant appeals. Affirmed, with leave to withdraw demurrer and answer.

Argued before HIRSCHBERG, P. J., and WOODWARD, BURR, RICH, and CARR, JJ.

John M. O'Neill, for appellant.
Charles G. Ognibene, for respondent.

BURR, J. In drafting the complaint in this action, plaintiff's attorney seems to have overlooked the requirement of section 481, subd. 2, of the Code of Civil Procedure, to the effect that it must contain "a plain and concise statement of the facts constituting each cause of action, without unnecessary repetition." This pleading contains 13 separate paragraphs. The greater portion of 10 of these may be disregarded for the purposes of the demurrer, which was interposed. The important ones are that defendant's foreman hired plaintiff and put him to work upon a building on East Fourth street, in the borough of Brooklyn, and that while so engaged, through various specified acts of negligence on the part of the defendant, he was injured. The physical cause of the injury is not stated, nor the nature of such injuries.

The remedy for these omissions is a motion to make the complaint more definite and certain, not a demurrer. Counsel upon both sides have expended much energy in discussing the question whether an

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

agent of an undisclosed principal is liable for the latter's tortious acts resulting in injury. The question is not raised by the demurrer in this case, for the reason that the only negligence alleged in the complaint is the personal negligence of the defendant.

The interlocutory judgment overruling the demurrer should be affirmed, with costs, with leave to the defendant, within 20 days after the entry of the order upon this decision, to withdraw his demurrer and answer, upon payment of costs. All concur.